GARTH, Circuit Judge,
dissenting.
I write separately because although I agree with the majority’s conclusion to the effect that Meecorp’s Commitment promise is not illusory — and is thus enforceable — I cannot agree that the Meecorp Commitment on which Brauser’s fee is predicated is a $20,000,000 Commitment.
Rather, as Meecorp’s Final Loan Offer is no more than $9,900,000, I calculate Brauser’s obligation to be $297,000 (3% of $9,900,000), of which Brauser has already paid $200, 000.
Meecorp’s initial letter Commitment of November 18, 2003 contemplated a loan of $20,000,000. However, Meecorp carefully conditioned its obligation to lend $20,000,000 on the appraisal of Brauser’s collateral by stating “the borrower [Brau-ser] understands that Meecorp will inspect the collateral and Meecorp cannot and will not lend more than fifty percent (50%) of the As-Is market value of the collateral.”
Accordingly, after Meecorp appraised Brauser’s collateral, it withdrew its $20,000,000 Commitment in its March 2004 Final Loan Offer. In that Final Loan Offer, Meecorp stated:
Pursuant to our commitment Letter dated November 18, 2003 ... this letter shall constitute our Final Offer to make a loan on the terms and conditions of the Commitment, ...
A land acquisition loan of up to Nine Million, Nine Hundred Thousand dollars ($9,900,000) ... pursuant to the Commitment and the following conditions
As you know, our commitment was issued for an amount not exceeding $20,000,000 limited to 50% of the ‘As-Is’ value of the land.... Meecorp ordered and received an independent appraisal and it is the opinion of the Appraiser that the “As-Is 180-day Sale Value” is $18,000,000.
Therefore, we hereby agree to proceed with the initial phase of the Loan based on the terms and conditions of our Commitment ... $9,900,000.
As Meecorp explains in its Final Loan Offer letter, it initially proposed a $20,000,000 loan predicated on the assumption that the land would appraise at a value sufficient to support such a loan. The language of the loan Commitment expressly stated that the $20,000,000 loan figure was a “ceiling,” and left open the possibility that the loan amount would be decreased if the land appraised for less than what Brauser represented its value to be. Indeed, the loan Commitment stated “[t]he borrower [Brauser] understands that Meecorp will inspect the Collateral and Meecorp cannot and will not lend more than Fifty Percent (50%) of the As-Is Market Value of the Collateral ...”
Thereafter, Meecorp conducted its own appraisal and found the land to be worth less than Brauser had represented. It was at that point Meecorp effectively withdrew its $20,000,000 Commitment proposal *661 and replaced it with the Commitment of $9,900,000. Three percent of $9,900,000 is $297,000, and since it is undisputed that Brauser has already paid $200,000, Brau-ser’s remaining balance is no more than $97,000.
The District Court and the majority of this court have therefore erred when they adjudged that Brauser’s remaining balance was $400,000 (the remainder of a $600,000 commitment fee minus $200,000 paid by Brauser). In my view, wholly based upon the documents of record, I would hold that Brauser is obligated to Meecorp for $97,000, and no more. I therefore respectfully dissent from the majority’s judgment.